IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:10-1159-CMC |
| v. | **OPINION and ORDER** |
| Anthony Juwan Manigault, | |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises two claims relating to alleged ineffective assistance of counsel. Defendant contends counsel was ineffective in failing to argue that he should have received three levels off of the Adjusted Offense Level based upon acceptance of responsibility, and that counsel was ineffective in failing to argue that Defendant was only responsible for a quantity of drugs below the statutory threshold. *See generally* Mot. (ECF No. 140).

The Government filed a motion for summary judgment. Defendant has responded to the Government's motion and this matter is ripe for resolution.

The court has reviewed the complete record in this case, including Defendant's plea agreement, the transcript of the Rule 11 hearing in this matter, and the sentencing hearing transcript. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the Government is entitled to summary judgment.

As to Defendant's first claim relating to alleged ineffective assistance of counsel, in addition to the reasons noted by the Government, Defendant's claim fails as he admitted to the polygraph examiner that he had been untruthful in earlier proffer interviews. He did not, nor does not, deny the admissions he made to the polygraph examiner. Accordingly, by his own admission he falsely

1

denied relevant conduct, and the removal of points for acceptance of responsibility was not error.

The Government's Motion for Summary Judgment is **granted** and the motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 23, 2013